FILED '11 APR 15 16:01 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KEVIN T. SAWYER and TAMARA  L.
SAWYER,

                   Plaintiffs,

       v.

AMERICAN HOME MORTGAGE
SERVICING, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEM,
INC., and FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

                   Defendants.

11-6034-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

     Plaintiffs Kevin and Tamara Sawyer are among the many Americans whose lenders have

foreclosed on their property.  In their complaint, the seek declaratory relief based on numerous acts

and omissions by American Home Mortgage Servicing, Inc. (AHMSI) and Fidelity in the course of

foreclosing on and selling their property.  The Sawyers also allege violation of Oregon's Unlawful

Trade Practices Act and claims for breach of contract and negligent misrepresentation.  AHMSI and

Page 1 - FINDINGS AND RECOMMENDATION

Mortgage Electronic Registration Systems, Inc.'s (MERS) filed a motion to dismiss the Sawyers's claims against them (dkt. #5) on February 9, 2011. On March 29, 2011, defendant Fidelity National Title Insurance Company moved to join in the motion to dismiss. (dkt. #18).

As the briefing filed adequately discusses the issues raised, I decline to set the motion for oral argument. I take judicial notice of the Notice of Default and Election to Sell recorded on May 26, 2010 and the Trustee's Notice of Sale with all attachments and exhibits recorded on July 28, 2010. (dkt. #7). For the reasons discussed below, I recommend that this court grant the motion and dismiss the complaint with prejudice.

## Background

The Sawyers purchased real property at 2008 NE Cradle Mtn Way in Bend, Oregon, which was subject to a trust deed serviced AHMSI. On May 26, 2010[1], Fidelity National Title Insurance Company, acting at the direction of AHMSI, recorded a Notice of Default and Election to sell the Sawyer's property with the Deschute's County Recorder's office. The Sawyers allege that they began pursuing a loan modification with AHMSI after the notice of default was recorded at the end of May 2010. This allegation, however, is contradicted by the Sawyers assertion that, on April 2, 2010–over a month before the May 26 recording of the notice of default, AHMSI had approved their loan modification request and sent modification documents to the Sawyers.[2] To complete the modification, the Sawyers were required to sign and return the documents along with $1,027.02.

---

[1]The complaint alleges the notice of default was recorded on May 25, 2010. The copy of the notice of default provided by AHMSI and MERS indicates that the notice was recorded on May 26, 2010. (dkt. #7). Thus, I use the May 26, 2010 date.

[2]This discrepancy is of little consequence and does not contradict the Sawyers's allegation that they had been pursuing a loan modification from AHMSI for several months.

Page 2 - FINDINGS AND RECOMMENDATION

On May 3, 2010, the Sawyers spoke with AHMSI employee Ms. Henderson who told them that they had been approved for a traditional modification. The Sawyers told Ms. Henderson that they had not yet received the documents they needed to sign and wanted to verify that AHMSI sent the documents to the correct address–the Sawyers's home address, not the property subject to the default notice. Ms. Henderson stated the documents had been sent via certified mail to the Sawyers' post office box. The Sawyers explained that they were unable to receive certified mail at the post office box (for reasons that are not disclosed in the complaint) and gave Ms. Henderson their home address for re-sending the modification materials. When the modification documents had not arrived by May 14, 2010, the Sawyers contacted AHMSI for a status update.

On May 25, 2010, the Sawyers received modification materials from AHMSI. The materials, however, were for another loan that the Sawyers had with AHMSI for a property located at 3293 NW Banff Drive and not for the Cradle Mtn Way property loan. Two days later, the Sawyers contacted Tracy at AHMSI and reported the problem with the modification documents. Tracy transferred the Sawyers to Powen. The Sawyers allege that Powen advised them that he could see they had been approved for a modification, to ignore the incorrect modification materials and that new materials would be sent. On May 31, 2010, the Sawyers called AHMSI again. They spoke to Anker who told them that AHMSI denied their modification request due to the Sawyers not sending back the signed loan modification documents and that the Sawyers would have to re-submit the entire package.

For the next several months–June through December, the Sawyers contacted AHMSI almost weekly, and various AHMSI employees told the Sawyers that their loan modification request was in review and that AHMSI would not foreclose on the property while the modification application was in review and being re-processed. Despite the Sawyers's efforts, Fidelity, at AHMSI's direction,

Page 3 - FINDINGS AND RECOMMENDATION

foreclosed on the Sawyers's property and sold it at a public auction. The Sawyers filed this action

in state court on December 29, 2010. Defendant AHMSI removed this action to this court on

February 2, 2011. Defendants AHMSI and MERS immediately filed this motion to dismiss, which

Fidelity seeks to join.

### Legal Standard

Rule 8(a) governs pleadings and requires "a short and plain statement of the claim showing

that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). In Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007), the Supreme Court addressed the pleading standard required under Rule 8. In doing

so, the court rejected the often cited standard set forth in Conley v. Gibson, 355 U.S. 41 (1957),

which stated that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. Id. at 45-46. The Twombly court stated that this was an inappropriate pleading

standard and should be "forgotten as an incomplete, negative gloss on an accepted pleading standard:

once a claim has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint." Twombly, 550 U.S. at 563. Twombly further emphasized

the need to include sufficient facts in the pleading to give proper notice of the claim and its basis.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Id. at 555.

Under Twombly's holding, the pleading standard Rule 8 announces does not require

"detailed factual allegations," but it does demand more than a general the-defendant-unlawfully-

harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action will not do." Id. at 555. "While legal conclusions can provide

the framework for a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal,

__U.S.__, 129 S.Ct. 1937, 1950 (2009).

**Discussion**

**A.    First Claim for Relief–Declaratory Relief**

The Sawyers argue that they are entitled to a declaration that the foreclosure sale is invalid,

the trustee's deed recorded against the property is void, and the Sawyers are owners of the property.

The Sawyers base this claim on alleged acts and omissions by AHMSI and Fidelity in the course of

foreclosing on and selling the property: including failure to personally serve notice of the trustee's

sale in violation of Oregon's Deed of Trust Act; never receiving the notice of default by certified or

regular mail; a foreclosure notice with inconsistent sale dates; and AHMSI executing an affidavit

of compliance stating that the Sawyers had not requested loan modification when the Sawyers had

"filed a loan modification application with Bank of America."  (dkt. #1, ex. 1 at 8).  The Sawyers

do not make any allegations against MERS.

I find that the allegations do not establish a basis for declaring the foreclosure sale invalid.

Oregon's Deed Trust Act provides for service of a notice of trustee's sale by personal service "or by

first class and certified mail with return receipt requested." Or. Rev. Stat. 86.740(1).  The record

establishes that defendants recorded an affidavit of mailing with the Deschutes County Recorder's

Office verifying that the trustee's notice of sale was sent to the Sawyers by certified mail on June 7,

2010, more than 120 days before the December 6, 2010 foreclosure sale. Next, under Or. Rev. Stat.

86.735(3), the notice of default is recorded not served; thus defendants were not obligated to mail

Page 5 - FINDINGS AND RECOMMENDATION

the Sawyers a copy of the notice by certified or regular mail. Oregon law allows the trustee to postpone a sale as long as notice of the postponement is provided orally at the time initially set for the sale. Or. Rev. Stat. 86.755(2). Thus, the Sawyers allegation that there was an inconsistency between the sale date listed on the trustee's notice and sale and the actual sale date does not establish that they are entitled to relief. Finally, the record refutes the Sawyers's claim that AHMSI Affidavit of Compliance misrepresented that there had been no request for a loan modification. The Affidavit of Compliance filed in Deschutes County indicates that the "[b]eneficiary or beneficiary's agent requested grantor(s) provide additional information needed to determine whether the loan could be modified." (dkt. #7, ex. 2 at 17).

I find that the complaint fails to allege facts necessary to support the declaratory relief claim.

**B.    Second Claim for Relief–violation of Oregon's Unlawful Trade Practices Act**

The Sawyers claim that AHMSI and Fidelity engaged in multiple unlawful business or trade practices. In Lamm v. Amfac Mortgage Corp, 44 Or. App. 203 (1980), the Oregon Court of Appeals held that the Trade Practices Act does not cover the business of lending money. Consequently, I find that the complaint fails to allege any facts establishing a violation of the Trade Practices Act.

**C.    Third Claim for Relief–Breach of Contract**

The Sawyers contend that AHMSI entered into an oral contract–through statements made by various AHMSI employees, with the Sawyers to complete the review of the loan modification application before foreclosing on the property. According to the Sawyers, they relied on the oral representations and continued to partially pay their mortgage loan. The Sawyers allege that AHMSI breached the oral agreement by foreclosing while the modification request was still under review.

I find that the Sawyers fail to state a breach of contract claim because they have not

established adequate consideration to render the oral representations enforceable. The only conduct by the Sawyers that could be viewed as consideration for the oral agreement is their continued partial payment of their mortgage obligation. In other words, the Sawyers did not do anything beyond what they were already obligated to do by their original mortgage contract and AHMSI did not receive any additional benefit. It is well settled in Oregon that:

> " a promise to do what the promisor is already bound to do cannot be a consideration, for, if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal."

Barinaga v. JP Morgan Chase & Co., __F.Supp.2d__, 2010 WL 4338326 (D.Or. Oct. 26, 2010) *12 (citing Hoskins v. Powder Land Irrigation Co., 90 Or. 217, 222-23 (1918) (internal citations omitted). Consequently, the Sawyers's payment of a portion of what they were already legally obligated to pay under their mortgage agreement is not adequate consideration for AHMSI's alleged oral agreement to process the modification application before foreclosing.

**D.    Fourth Claim for Relief–Negligent Misrepresentation**

The Sawyers allege that AMSI supplied false information to them by representing that a foreclosure sale would not occur while the Sawyers's loan modification was being reviewed.

The Sawyers fail to allege facts sufficient to support a negligent misrepresentation claim because they have not established a special relationship between themselves and AHMSI. Under Oregon law, a negligent misrepresentation claim depends on the existence of a special relationship which imposes a heightened standard of care. Conway v. Pacific University, 324 Or. 231, 236-37 (1996). Examples of special relationships include: attorney-client, patient-physician, principal-agent, and trustee-beneficiary relationships. Id. at 240. A special relationship giving rise to tort liability exists when the nature of the parties' relationship is such that "one party has authorized the other to

Page 7 - FINDINGS AND RECOMMENDATION

exercise independent judgment in his or her behalf and, consequently, the party who owes the duty has a special relationship to administer, oversee, other otherwise take care of certain affairs belonging to the other party." Id. at 324. In short, "one party must exercise judgement on the other party's behalf." Bennett v. Farmers Ins. Co. of Oregon, 332 Or. 138, 162 (2001).

Here, the Sawyers have not alleged facts supporting a relationship in which AHMSI, MERS or Fidelity would be required to exercise judgement on their behalf. Moreover, even if they had alleged such facts, the Conway court specifically noted that Oregon law precludes recognizing a special relationship between debtors and creditors because neither party acts in the other's best interest in a debtor-creditor relationship. Conway, 324 Or. at 242. Consequently, I find that the Sawyers cannot allege facts showing they are entitled to relief.

## Conclusion

## Order

I grant Fidelity's motion to join the motion to dismiss (dkt. #18) filed on March 29, 2011.

### Findings and Recommendation

I recommend that this court grant defendants' motion and dismiss the complaint with prejudice for failure to state a claim.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this __15t__ day of April 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION